# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DEMOCRACY FORWARD
FOUNDATION,

     Plaintiff,

     v.

SOCIAL SECURITY ADMINISTRATION,

     Defendant.

Case No. 1:25-cv-03384-SAG

## DEFENDANT'S ANSWER TO THE COMPLAINT

Defendant, Social Security Administration ("SSA" or "Defendant"), by and through undersigned counsel, hereby submits its Answer to the Complaint filed by Democracy Forward Foundation ("Plaintiff").

## RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT[1]

Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.

---

[1]     For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

Defendant responds to the separately numbered paragraphs and prayer for relief in the Complaint as follows:

<u>**Jurisdiction and Venue**</u>

1. Paragraph 1 contains Plaintiff's jurisdictional statement, to which no responsive pleading is required.

2. Paragraph 2 contains statements of law regarding venue and legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, Defendant admits that venue is proper in this district for a properly stated FOIA claim.

<u>**Parties**</u>

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

4. Defendant admits that it administers Federal retirement, survivors and disability insurance programs, and supplemental security income. Defendant admits it is a federal agency within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered in the District of Maryland. Except as expressly admitted, Defendant denies the allegations of Paragraph 4.

<u>**Facts**</u>

5. Admitted.

6. Defendant admits that it issued a press release on August 14, 2025, available at https://www.ssa.gov/news/en/press/releases/2025-08-14.html. Defendant respectfully refers the Court to that press release for a complete and accurate statement of its contents and denies the allegations in Paragraph 6 to the extent they are inconsistent.

7. Defendant admits that it issued a press release on February 27, 2025, available at https://www.ssa.gov/news/en/press/releases/2025-02-27.html. Defendant respectfully refers the

Court to that press release for a complete and accurate statement of its contents and denies the allegations in Paragraph 7 to the extent they are inconsistent.

8. Defendant admits that it made a blog post on March 18, 2025, available at blog.ssa.gov/social-security-strengthens-identity-proofing-requirements-and-expedites-direct-deposit-changes-to-one-day/. Defendant respectfully refers the Court to that blog post for a complete and accurate statement of its contents and denies the allegations in Paragraph 8 to the extent they are inconsistent.

9. Paragraph 9 makes allegations regarding the contents of an article published by a third party. These allegations do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent these allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent this paragraph requires further response, Defendant otherwise denies allegations in Paragraph 9 and refers the Court to Plaintiff's footnoted citations for complete and accurate statements about the third-party statements cited.

10. Defendant admits that it issued a press release on March 26, 2025, available at https://www.ssa.gov/news/en/press/releases/2025-03-26.html. Defendant respectfully refers the Court to that press release for a complete and accurate statement of its contents and denies the allegations in Paragraph 10 to the extent they are inconsistent.

11. Paragraph 11 makes allegations regarding the contents of an article published by a third party. These allegations do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule

12(f). To the extent these allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent this paragraph requires further response, Defendant otherwise denies allegations in Paragraph 11 and refers the Court to Plaintiff's footnoted citations for complete and accurate statements about the third-party statements cited.

12. Paragraph 12 makes allegations regarding the contents of an article published by a third party. These allegations do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent these allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent this paragraph requires further response, Defendant otherwise denies allegations in Paragraph 12 and refers the Court to Plaintiff's footnoted citations for complete and accurate statements about the third-party statements cited.

13. Paragraph 13 makes allegations regarding the contents of an article published by a third party. These allegations do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent these allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. Defendant refers the Court to Plaintiff's footnoted citations for complete and accurate statements about the third-party statements cited. To the extent the third-party statements pertain

to an internal SSA May 2025 document, Defendant made this document publicly available at https://www.ssa.gov/foia/resources/proactivedisclosure/2025/COMMISSIONER%20TRANSMI TTAL_Strengthening%20Identity%20Assurance%20050925_Redacted.pdf. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents and denies the allegations in Paragraph 13 to the extent they are inconsistent.

14. Paragraph 14 makes allegations regarding the contents of an article published by a third party. These allegations do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent these allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent this paragraph requires further response, Defendant otherwise denies allegations in Paragraph 14 and refers the Court to Plaintiff's footnoted citations for complete and accurate statements about the third-party statements cited.

15. Paragraph 15 makes allegations regarding the contents of an article published by a third party. These allegations do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent these allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent this paragraph requires further response, Defendant otherwise denies allegations in Paragraph 15 and refers the Court to Plaintiff's footnoted citations for complete and accurate statements about the third-party statements cited.

16. Paragraph 16 makes allegations regarding the contents of an article published by a third party. These allegations do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent these allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent this paragraph requires further response, Defendant otherwise denies allegations in Paragraph 16 and refers the Court to Plaintiff's footnoted citations for complete and accurate statements about the third-party statements cited.

17. Defendant admits that it has received several FOIA requests from Plaintiff. To the extent further response is required, Defendant denies the remaining allegations in Paragraph 17.

*Memos, Videos & Studies on Changes at SSA (2025-FOIA-02238)*

18. Defendant admits that it received a FOIA request from Plaintiff on July 2, 2025. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

19. Defendant respectfully refers the Court to Plaintiff's July 2, 2025 FOIA request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

20. Defendant respectfully refers the Court to Plaintiff's July 2, 2025 FOIA request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

21. Admitted.

22. Defendant admits that it responded to Plaintiff's fee waiver request on August 19, 2025. Defendant respectfully refers the Court to that response for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

23. Defendant admits that it received a letter from Plaintiff on September 8, 2025. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

24. Defendant admits that it received a subsequent letter from Plaintiff on October 10, 2025. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

25. Defendant admits that as of the date of the Complaint, which was filed on October 14, 2025, it had not sent Plaintiff any communications regarding its July 2, 2025 FOIA request with assigned tracking number 2025-FOIA-02238 after August 19, 2025.

*Communications on Impacts of Changes at SSA (2025-FOIA-02239)*

26. Defendant admits that it received a FOIA request from Plaintiff on July 2, 2025. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

27. Defendant respectfully refers the Court to Plaintiff's July 2, 2025 FOIA request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

28. Defendant respectfully refers the Court to Plaintiff's July 2, 2025 FOIA request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

29. Admitted.

30. Defendant admits that it responded to Plaintiff's fee waiver request on July 18, 2025. Defendant respectfully refers the Court to that response for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

31. Defendant admits that it received a letter from Plaintiff on July 29, 2025. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

32. Admitted.

33. Defendant admits that it received a subsequent letter from Plaintiff on October 10, 2025. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

34. Defendant admits that as of the date of the Complaint, which was filed on October 14, 2025, it had not sent Plaintiff any communications regarding its July 2, 2025 FOIA request with assigned tracking number 2025-FOIA-02239 after July 29, 2025.

*Disruptions Following Changes at SSA (2025-FOIA-02240)*

35. Defendant admits that it received a FOIA request from Plaintiff on July 2, 2025. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

36. Defendant respectfully refers the Court to Plaintiff's July 2, 2025 FOIA request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

37. Defendant respectfully refers the Court to Plaintiff's July 2, 2025 FOIA request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

38. Admitted.

39. Defendant admits that it responded to Plaintiff's fee waiver request on July 29, 2025. Defendant respectfully refers the Court to that response for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

40. Defendant admits that it received a letter from Plaintiff on August 6, 2025. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

41. Defendant admits that it received a subsequent letter from Plaintiff on October 10, 2025. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

42. Defendant admits that as of the date of the Complaint, which was filed on October 14, 2025, it had not sent Plaintiff any communications regarding its July 2, 2025 FOIA request with assigned tracking number 2025-FOIA-02240 after July 29, 2025.

*Memo on Service Impacts at SSA (2025-FOIA-02315)*

43. Defendant admits that it received a FOIA request from Plaintiff on July 17, 2025. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

44. Defendant respectfully refers the Court to Plaintiff's July 17, 2025 FOIA request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

45. Defendant respectfully refers the Court to Plaintiff's July 17, 2025 FOIA request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

46. Admitted.

47. Admitted.

48. Defendant admits that as of the date of the Complaint, which was filed on October 14, 2025, it had not provided records in response to Plaintiff's July 17, 2025 FOIA request with assigned tracking number 2025-FOIA-02315 but avers that it has since provided records in response to this FOIA request.

*Exhaustion of Administrative Remedies*

49. Paragraph 49 contains statements or conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

## CLAIMS FOR RELIEF

### Count 1 (Violation of FOIA, 5 U.S.C. § 552, Failure to Respond with Determinations)

48. Plaintiff's Complaint inadvertently repeats paragraph no. 48. Defendant repeats and reasserts its responses to Paragraphs 1 through 49 of this Complaint as if fully set forth herein.

49. Plaintiff's Complaint inadvertently repeats paragraph no. 49. Paragraph 49 contains legal conclusions to which no response is required. To the extent any further response is owed, Defendant denies the allegations of Paragraph 49.

### Count 2 (Violation of FOIA and Implementing Regulations, 5 U.S.C. § 552, 20 C.F.R. § 402.85, Failure to Waive Fees)

50. Defendant repeats and reasserts its responses to Paragraphs 1-49 of this Complaint as if fully set forth herein.

51. Paragraph 51 contains legal conclusions to which no response is required. To the extent any further response is owed, Defendant denies the allegations of Paragraph 51.

52. Paragraph 52 contains legal conclusions to which no response is required. To the

extent any further response is owed, Defendant denies the allegations of Paragraph 52.

## REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested in these paragraphs, elsewhere in the Complaint, or to any relief whatsoever.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

1.      This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.  *See* 5 U.S.C. § 552.

2.      Defendant has conducted, or is in the process of conducting, an adequate search for records, prioritizing requests based on the order in which they were received.

3.      Plaintiff is not entitled to production of records protected from disclosure by one or more applicable FOIA exemptions, release of which records foreseeably would harm an interest the exemption protects, or which records are protected from disclosure by one or more applicable FOIA exclusions.

4.      Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

5.      Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

6.      Plaintiff is not entitled to declaratory relief. 5 U.S.C. § 552(a)(4)(B).

7.      To the extent the Complaint alleges background facts unnecessary to the

consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) ("In this unique context, requiring Defendant to answer allegations in Plaintiff's complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations where plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

WHEREFORE, having fully answered, the United States asks the Court to:

(A) Dismiss Plaintiff's Complaint with prejudice; and

(B) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

_____/s/_____
Matthew T. Shea (Bar No. 19443)
Assistant United States Attorney
36 S. Charles Street, Fourth Floor
Baltimore, Maryland 21201
410-209-4800
Matthew.Shea2@usdoj.gov

*Counsel for Defendant*