IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| DEMOCRACY FORWARD FOUNDATION | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Case No.: SAG-25-03384 |
| v. | * | |
| | * | |
| SOCIAL SECURITY ADMINISTRATION | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Democracy Forward Foundation ("Plaintiff") brings this action against the Social Security Administration ("SSA") alleging violations of the Freedom of Information Act ("FOIA"). ECF 1. Plaintiff has filed a Motion for Partial Summary Judgment, ECF 22, which the SSA opposed, ECF 25. Plaintiff then filed a reply. ECF 28. Plaintiff also filed an unopposed Motion to Expedite Court Consideration, ECF 23, which will be granted. This Court has reviewed the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, Plaintiff's Motion for Partial Summary Judgment will be denied.

I.     BACKGROUND

In July, 2025, Plaintiff filed four FOIA requests with the SSA. ECF 1 ¶¶ 18, 26, 35, 43. Each request also sought a corresponding fee waiver. *Id.* ¶¶ 20, 28, 37, 45. As to one request, the SSA granted a fee waiver. *Id.* ¶ 47. As to each of the three other requests, however, the SSA denied fee waivers either in whole or in part. *Id.* ¶¶ 22, 30, 39. Each denial notice informed Plaintiff that the SSA would charge Plaintiff the full cost of responding to its requests pursuant to 42 U.S.C. § 1306(c). ECF 22-4 at 9, 32, 60. Plaintiff then administratively appealed the fee waiver denials. ECF 1 ¶¶ 23, 31, 40.

After several months passed without determinations as to Plaintiff's requests, Plaintiff filed this action, alleging two claims. *See generally id.* Count I alleges a violation of FOIA for failure to respond with determinations within the statutorily mandated period. *Id.* ¶¶ 48–49. And Count II alleges a violation of FOIA and its implementing regulations for failure to waive fees. *Id.* ¶¶ 50–52.

After Plaintiff filed this action, the SSA reached final determinations on each of Plaintiff's appeals. ECF 22-4 at 22–23, 48, 77. The SSA granted a fee waiver as to additional portions of one request but affirmed the denials of fee waivers as to the other two requests. *Id.* Plaintiff now seeks summary judgment on Count II as to those two requests. ECF 20 ¶ 4.

## II.    LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material fact. *See Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). In ruling on a motion for summary judgment, a court must view all the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

## III.   DISCUSSION

Plaintiff argues that the SSA unlawfully failed to waive the fees associated with its FOIA requests and thereby violated FOIA. The SSA counters that Plaintiff may not challenge the denial of its fee waiver requests under FOIA because the SSA did not impose the fees on Plaintiff

pursuant to FOIA. Rather, the SSA contends that it imposed fees pursuant to the separate statutory provision, 42 U.S.C. § 1306(c), that it cited in the denial notices.

FOIA, which is codified at 5 U.S.C. § 552, limits the fees that agencies may impose to complete information requests and requires that agencies waive or reduce the fees in certain circumstances. *See* 5 U.S.C. § 552(a)(4)(A). The same subparagraph of FOIA that imposes these limitations, however, also provides, "Nothing in this subparagraph shall supersede fees chargeable under a statute specifically providing for setting the level of fees for particular types of records." § 552(a)(4)(A)(vi).

The provision cited by the SSA, 42 U.S.C. § 1306(c), is such a "statute specifically providing for setting the level of fees for particular types of records." That statute provides:

> Notwithstanding sections 552 and 552a of Title 5 or any other provision of law, whenever the Commissioner of Social Security or the Secretary determines that a request for information is made in order to assist a party in interest (as defined in section 1002 of Title 29) with respect to the administration of an employee benefit plan (as so defined), or is made for any other purpose not directly related to the administration of the program or programs under this chapter to which such information relates, such Commissioner or Secretary may require the requester to pay the full cost, as determined by such Commissioner or Secretary, of providing such information.

§ 1306(c). Thus, absent the program purpose exception inapplicable here, § 1306(c) permits the SSA to charge a requester of information the full cost of providing that information, notwithstanding FOIA.

To implement this provision, the SSA promulgated 20 C.F.R. § 402.80, which describes the calculation of fees imposed pursuant to § 1306(c). A different regulation, 20 C.F.R. § 402.75, outlines fees for "[r]equesters whom SSA charges under the FOIA fee schedule." The SSA has also promulgated a regulation to provide for waivers of fees imposed pursuant to (1) § 1306(c) and § 402.80 and (2) FOIA and § 402.75. *See* 20 C.F.R. § 402.85 ("A requester may request waiver or

reduction of fees, whether charged under § 402.75 or § 402.80 . . . .”). Another regulation summarizes the SSA's authority to impose fees pursuant to these two distinct tracks:

> (a) Charging authorities—
> (1) Section 1106(c). Section 1106(c) of the Social Security Act (42 U.S.C. 1306(c)) allows the agency to charge for FOIA requests that are not directly related to SSA's administration of the Social Security Act. See § 402.80 for information on the agency's authorization under section 1106(c) to charge requesters. Requesters may request a fee waiver, as described in § 402.85.
> (2) FOIA fee categories. The FOIA establishes three fee categories of requesters, i.e., commercial use, non-commercial scientific or educational institutions and representatives of the news media; and other requesters. The category of the requester determines the fees that may be charged; see § 402.75 for the FOIA fee schedule. Requesters may request a fee waiver, as described in § 402.85.

20 C.F.R. § 402.70.

When the SSA denied Plaintiff's fee waivers and charged it for completing its information requests, the SSA imposed the fees pursuant to the first track. Each fee waiver denial notice sent to Plaintiff included the following language:

> We are charging you fees for your request under section 1106(c) of the Social Security Act (Act) (42 U.S.C. § 1306(c)). Because we have invoked section 1106(c), the FOIA fee provisions in 5 U.S.C. § 552 are not applicable to your request. Section 1106(c) applies notwithstanding FOIA and provides that we charge the full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Act (20 C.F.R. § 402.80), regardless of the fee provisions in FOIA. We determined that your request is not directly related to the administration of the Act. Accordingly, we will charge you for the full cost to provide the requested information (42 U.S.C. § 1306(c); 20 C.F.R. § 402.80).

ECF 22-4 at 9, 32, 60. This language makes clear that the SSA imposed fees pursuant to § 1306(c) and its implementing regulation, § 402.80, rather than FOIA and its implementing regulation, § 402.75. The question remains, however, whether FOIA's judicial review provision encompasses waivers of fees imposed pursuant to § 1306(c).

That question appears to be one of first impression. This Court has located only one case citing § 1306(c). *See Shapiro v. SSA*, 525 F. Supp. 3d 528 (D. Vt. 2021), *rev'd*, 160 F.4th 347 (2d

4

Cir. 2025). In that case, the SSA had imposed fees pursuant to § 1306(c), and the district court reviewed whether the plaintiff was entitled to a waiver of those fees. *Id.* Neither the district court's decision nor the Second Circuit's decision on appeal, however, explicitly addressed whether the district court had jurisdiction to review that issue pursuant to FOIA's judicial review provision.

FOIA's judicial review provision states that a "district court of the United States . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." § 552(a)(4)(B). Congress also afforded district courts jurisdiction to review fee waiver decisions. *See* § 552(a)(4)(A)(vii) ("In any action by a requester regarding the waiver of fees under this section, the court shall determine the matter de novo . . . ."); *see also OSHA Data/CIH, Inc. v. U.S. Dep't of Lab.*, 220 F.3d 153, 165 (3d Cir. 2000) (noting that it is "well established that requesters can challenge the costs charged to them" and citing § 552(a)(4)(A)(vii)).

The qualified language "any action by a requester regarding the waiver of fees *under this section*," however, indicates that district courts have jurisdiction to review only those actions concerning the waiver of fees under FOIA itself. § 552(a)(4)(A)(vii) (emphasis added). Neither fees imposed pursuant to § 1306(c) nor waiver of those fees is governed by FOIA. Rather, Congress stated that those fees apply "[n]otwithstanding" FOIA, *see* § 1306(c), and that FOIA's fee provisions do not "supersede fees chargeable under a statute specifically providing for setting the level of fees for particular types of records," such as § 1306(c), *see* § 552(a)(4)(A)(vi). Thus, the waiver of fees imposed pursuant to § 1306(c) does not constitute the waiver of fees "under this section," or FOIA. And because Plaintiff challenges the denials of its requests to waive fees that the SSA imposed pursuant to § 1306(c), this action does not constitute "an action by a requester

regarding the waiver of fees under this section." FOIA therefore does not grant this Court jurisdiction to review those denials.

This Court is not persuaded otherwise by indications in the SSA's regulations that FOIA authorizes such review. Specifically, the regulation governing waivers of fees imposed pursuant to both § 1306(c) and FOIA provides for appeals of fee waiver decisions and expressly states that "[t]he process prescribed in § 402.105 will also apply to these appeals." § 402.85(b)(1). Section 402.105, in turn, provides for an administrative appeal process and, citing FOIA's judicial review provision, § 552(a)(4)(B), further states, "Requesters may also ask a U.S. District Court to review our final decision." 20 C.F.R. § 402.105(e). The SSA's own regulations therefore purport to provide judicial review of waiver decisions regarding its fees imposed pursuant to § 1306(c). A regulation, however, cannot grant a federal court jurisdiction when Congress has not done so. And, for the reasons described above, Congress has not, through FOIA, granted district courts jurisdiction to review waiver decisions for fees imposed pursuant to § 1306(c).

Because this Court lacks jurisdiction under FOIA to review the denials of fee waivers at issue in this case, Plaintiff is not entitled to summary judgment on Count II.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment is denied and its Motion to Expedite Court Consideration is granted. A separate Order follows.

Dated: May 7, 2026                                   _____/s/_____

Stephanie A. Gallagher
United States District Judge