**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DEMOCRACY FORWARD FOUNDATION,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Case No. SAG-25-3384** |
| **SOCIAL SECURITY ADMINISTRATION,** | * | |
| **Defendant.** | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

On May 7, 2026, this Court issued a memorandum opinion and order denying Plaintiff Democracy Forward Foundation's motion for partial summary judgment on Count II of its compliant, concluding that this Court lacks jurisdiction under the Freedom of Information Act ("FOIA") to review fees imposed by the Social Security Administration ("SSA") pursuant to 42 U.S.C. § 1306(c). ECF 29, 30. Since that time, the parties attempted to confer on the fee issue, to no avail. Plaintiff Democracy Forward Foundation ("DFF") now asks this Court to direct entry of its May 7 opinion and order as a partial, final, and appealable judgment under Federal Rule of Civil Procedure 54(b). ECF 34. The SSA has opposed the motion, ECF 37, and DFF filed a reply, ECF 38. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, this Court will deny DFF's motion.

"Rule 54(b) permits a district court to enter final judgment as to one or more but fewer than all claims in a multiclaim action, thus allowing an appeal on fewer than all claims in a multiclaim action." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993). "Rule 54(b) certification is recognized as the exception rather than the norm." *Id.* "It should neither

be granted routinely, nor as an accommodation to counsel." *Id.* (citing *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980); *Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986)). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Id.* (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)) (internal quotation marks omitted). For a court to effectuate a Rule 54(b) certification, it must engage in a two-step inquiry to (1) determine whether the "judgment is final," and (2) determine whether there is "no just reason for the delay in the entry of judgment." *Id.* (internal citations omitted); *see also MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010). The relevant factors a court should consider in weighing whether there is no just reason for delay are: "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Braswell Shipyards, Inc.*, 2 F.3d at 1335–36 (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)).

DFF's request for Rule 54(b) certification fails at the first step due to the procedural posture of this case. This Court cannot determine that its May 7 "judgment is final" because it did not enter judgment in its May 7 opinion and order. It simply denied DFF's partial motion for summary judgment. *See* ECF 29, 30. Although this Court's finding that it lacks jurisdiction may eventually

preclude DFF from prevailing on Count II, there has been no final decision yet on that count, because SSA has not sought Rule 12(b)(1) dismissal or summary judgment in its favor. With respect to finality, "[a] judgment is final for Rule 54(b) purposes when it constitutes 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Gelin v. Shuman*, 834 F. App'x 41, 43 (4th Cir. 2021) (quoting *Braswell Shipyards, Inc.*, 2 F.3d at 1335). Because that has not yet occurred, this Court cannot make a finding that its judgment is final.

This Court acknowledges the equities and public interest arguments DFF raises but does not reach the *Braswell* factors in light of the case's procedural posture.[1] And, of course, this Court does not reach the issue of whether 28 U.S.C. § 1292(b) might permit accelerated review of its jurisdictional ruling, because no party has requested certification of an interlocutory appeal.

For the reasons stated above, this Court will DENY DFF's motion, ECF 34, to certify its May 7 opinion and order under Rule 54(b). A separate Order follows.

Dated: August 27, 2026

/s/
Stephanie A. Gallagher
United States District Judge

---

[1] None of the cases DFF cites in support of its argument found a "final judgment" in similar circumstances where the count in question remains pending. Instead, those cases assessed whether Rule 54(b) certification was appropriate following a grant of partial summary judgment. *See, e.g.*, *Fox v. Balt. City Police Dep't*, 201 F.3d 526, 531 (4th Cir. 2000); *Wilner v. Nat'l Sec. Agency*, No. 07-CV-3883, 2008 WL 2949325, at *1 (S.D.N.Y. July 31, 2008). DFF also cited Wright & Miller for the proposition that "[a] dismissal for lack of subject-matter . . . jurisdiction . . . may dispose of a claim completely and thus bring it within the scope of the rule." ECF 34 at 4 (citing 10 Wright & Miller's Federal Practice & Procedure § 2656 (4th ed. 2026)). But here there has been no such dismissal.